1  Ryan J. Hesselgesser, WSBA #40720
   Rishabh R. Agny, WSBA #49721
2  Forsberg & Umlauf, P.S.
   901 Fifth Ave., Suite 1400
3  Seattle, WA  98164
   Phone: (206) 689-8500
4  rhesselgesser@foum.law
   ragny@foum.law
5  *Attorneys for Plaintiff Capitol*
   *Specialty Insurance Company*

6

7

8              UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON
9                      AT RICHLAND

10 CAPITOL SPECIALTY INSURANCE          No.  4:24-cv-5052
   COMPANY, is a Wisconsin
11 corporation,                         **COMPLAINT FOR**
                                        **DECLARATORY JUDGMENT**
12              Plaintiff,

13         vs.

14 GILLESPIE HOMES, INC., a
   Washington corporation; CINDY
15 PENTURF and RUSS PENTURF, wife
   and husband and the marital community
16 comprised thereof;

17              Defendants.

18

        Plaintiff Capitol Specialty Insurance Corporation alleges as follows:
19

20

Complaint for Declaratory Judgment – 1
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

# I. **PARTIES**

1.      Plaintiff Capitol Specialty Insurance Company ("CapSpecialty") is a Wisconsin corporation with its principal place of business in Wisconsin.

2.      Defendant Gillespie Homes, Inc. is a Washington corporation with its principal place of business in Kennewick, Washington.

3.      Defendants Cindy Penturf and Russ Penturf are Oregon residents and are domiciled there.

# II. **JURISDICTION AND VENUE**

4.      This is an action for declaratory relief pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57 to resolve an actual controversy between the parties as set forth herein.

5.      This Court has diversity jurisdiction under 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount at issue exceeds $75,000.  Gillespie seeks insurance coverage under an insurance policy issued by CapSpecialty, with a policy limit of $1M, and the damages sought in the underlying matter exceed $75,000.

6.      Venue is proper under 28 U.S.C. §128(a) because the Eastern District of Washington encompasses Kennewick, Washington, where Gillespie's business is located.

Complaint for Declaratory Judgment – 2
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

### III. FACTS

1

2      7.      Gillespie, as an exclusive independent retailer in the area for Kit

3  Custom Homebuilders, sold a manufactured home built by Kit to Cindy and Russ

4  Penturf (the "Penturfs"). Gillespie's services for the Penturfs included delivery and

5  installation of the manufactured home.

6      8.      The Penturfs contracted with Gillespie to install the home.  As part of

7  the installation, Gillespie prepared the site, including performing site work,

8  excavation, and pouring of the foundation at the Penturfs' property, and placing the

9  manufactured home in Wasco, Oregon.

10      9.      After the Penturfs moved into the home, they allegedly "discovered

11  multiple defects in the [h]ome, including water intrusion, cracking in the walls, and

12  difficulty opening and closing windows and doors."

13      10.      The Penturfs filed suit against Gillespie, among others, seeking

14  damages because of alleged "numerous defects, including faulty workmanship,

15  faulty design, improper installation, and noncompliance with building codes,

16  industry standards, and/or manufacturer specifications" caused significant damage

17  to the home (the "Underlying Action").

18      11.      CapSpecialty issued Policy No. CS20001914-01, effective June 11,

19  2020 to June 11, 2021 (the "Policy"), to Gillespie.

20

Complaint for Declaratory Judgment – 3
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4864-2917-2664, v. 1

12.     The Policy's Commercial General Liability form on ISO Form No. CG 00 01 04 13 provides, in pertinent part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.      Insuring Agreement**
>
> a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" … to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result ….
>
> b.      This insurance applies to "bodily injury" and "property damage" only if:
>
> (1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> (2)     The "bodily injury" or "property damage" occurs during the policy period[.] …
>
> …

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

2.    **Exclusions**

This insurance does not apply to: …

j.    **Damage To Property**

"Property damage" to: …

(5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it …

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k.    **Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it ….

m.    **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**    A defect, deficiency, inadequacy or

Complaint for Declaratory Judgment – 5
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

dangerous condition in "your product" or "your work"; or

**(2)**   A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use ….

13.   By amendatory endorsement, the Policy provides:

This insurance does not apply to:

**l.    Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard" ….

**PUNITIVE OR STATUTORY DAMAGES**

This policy covers only compensatory damages.  It does not cover:

**(1)**   Punitive;

**(2)**   Exemplary; or

**(3)**   Statutory damages (such as multiplied damages, costs, expenses or attorney's fees).

**(4)**   Fines, fees or penalties ….

Complaint for Declaratory Judgment – 6
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

1                          …

2    **EXCLUSION  –  SUBSIDENCE  OF  LAND
     ENDORSEMENT**

3

4    This insurance does not apply to … "property damage"
     resulting directly or indirectly from "subsidence of land".

5    As used in this exclusion, "subsidence of land" means
     earth movement, including but not limited to, mud flow,

6    earthquake, land slide, settling, expansion, shrinking,
     sinking, slipping, falling away, tilting, caving in, shifting,

7    eroding, or rising.

8        14.    On April 22, 2022, even though the Policy contained exclusions for

9    Gillespie's work and products, CapSpecialty agreed to defend Gillespie under a

10   reservation of rights.

11                    **IV.  CAUSES OF ACTION**

12   **A.      Declaratory Relief – Duty to Defend**

13       15.    CapSpecialty reasserts and re-alleges the allegations in each of the

14   foregoing paragraphs as fully set forth herein.

15       16.    Gillespie seeks coverage under the Policy for the Penturfs' alleged

16   damages because of the manufactured home it installed for them.

17       17.    There is an actual and justiciable controversy between CapSpecialty

18   and Gillespie with respect to whether the Policy provides coverage for the Penturfs'

19   claims considering the claims alleged in the Underlying Action and the Policy's

20

Complaint for Declaratory Judgment – 7
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

exclusions.

18.    Upon information and belief, Gillespie contends CapSpecialty has a duty to defend it in connection with the Underlying Action under the Policy.

19.    CapSpecialty contends the Policy does not provide coverage for Gillespie's defense in the Underlying Action.

20.    In accordance with the insuring agreement, provisions, terms, conditions, exclusions, and endorsements of the Policy, CapSpecialty has no duty to defend Gillespie in the Underlying Action under the Policy or applicable law, in whole or in part, because:

a.    The exclusion included in 2.j.(5) bars coverage for "property damage" to "[t]hat particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations[.]"

b.    The exclusion included in 2.j.(6) bars coverage for "property damage" done to any "… particular party of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed on it."

c.    The exclusion included in 2.k. bars coverage for "property damage" to "your product" arising out of it or any part of it …."

d.    The exclusion included in 2.l., as amended, bars coverage for "property damage" to "your work" arising out of it or any part of it and included in the

Complaint for Declaratory Judgment – 8
Case No.:  4:24-cv-5052

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1

"products-completed operations hazard[.]'"

21.    CapSpecialty also relies on all additional terms, definitions, exclusions, conditions, and endorsements in the Policy not specifically identified herein that potentially limit or preclude coverage for the duty to defend Gillespie under the Policy for the Underlying Action.

22.    CapSpecialty seeks a declaration that the Policy does not provide defense for the claims made against Gillespie in the Underlying Action.

**B.    <u>Declaratory Relief – Duty to Indemnify</u>**

23.    CapSpecialty reasserts and re-alleges the allegations in each of the foregoing paragraphs as fully set forth herein.

24.    There is an actual and justiciable controversy between CapSpecialty and Gillespie with respect to whether the Policy provides coverage for the Penturfs' claims considering the claims alleged in the Underlying Action and the Policy's exclusions.

25.    Upon information and belief, Gillespie contends CapSpecialty has a duty to indemnify it in connection with the Underlying Action under the Policy.

26.    CapSpecialty contends the Policy does not provide coverage for Gillespie's indemnity in the Underlying Action.

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

1    27.    In accordance with the insuring agreement, provisions, terms,

2  conditions, exclusions, and endorsements of the Policy, CapSpecialty has no duty to

3  indemnify Gillespie in the Underlying Action under the Policy or applicable law, in

4  whole or in part, because:

5    a.    The exclusion included in 2.j.(5) bars coverage for
            "property damage" to "[t]hat particular part of real
6            property on which you or any contractors or
            subcontractors working directly or indirectly on
7            your behalf are performing operations, if the
            'property damage' arises out of those operations[.]"
8
      b.    The exclusion included in 2.j.(6) bars coverage for
9            "property damage" done to any "… particular party
            of any property that must be restored, repaired, or
10            replaced because 'your work' was incorrectly
            performed on it."
11
      c.    The exclusion included in 2.k. bars coverage for
12            "property damage" to "your product" arising out of
            it or any part of it …."
13
      d.    The exclusion included in 2.l., as amended, bars
14            coverage for "property damage" to "your work"
            arising out of it or any part of it and included in the
15            "products-completed operations hazard[.]"'

16    28.    CapSpecialty also relies on all additional terms, definitions, exclusions,

17  conditions, and endorsements in the Policy not specifically identified herein that

18  potentially limit or preclude coverage for the duty to indemnify Gillespie under the

19  Policy for the Underlying Action.

20

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

29.    CapSpecialty seeks a declaration that the Policy does not provide indemnity for the claims made against Gillespie in the Underlying Action.

## V.  PRAYER FOR RELIEF

WHEREFORE, CapSpecialty prays for judgment against Gillespie and the Penturfs as follows:

1.    That the Court determine, decree, and adjudge that CapSpecialty is entitled to a declaration that it has no duty to defend Gillespie in the Underlying Action under the Policy;

2.    That the Court determine, decree, and adjudge that CapSpecialty is entitled to a declaration that it has no duty to indemnify Gillespie in the Underlying Action under the Policy;

3.    For attorneys' fees and costs if allowed by law;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court deems fit and proper under the circumstances and evidence.

//

//

//

Complaint for Declaratory Judgment – 11
Case No.:  4:24-cv-5052

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
901 FIFTH AVENUE ● SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 ● (206) 689-8501 FAX

4864-2917-2664, v. 1

1    Dated this 16th day of May, 2024.

2                                    s/ Ryan J. Hesselgesser
                                     Ryan J. Hesselgesser, WSBA #40720
3
                                     s/ Rishabh R. Agny
4                                    Rishabh R. Agny, WSBA #49721
                                     Forsberg & Umlauf, P.S.
5                                    901 Fifth Ave., Suite 1400
                                     Seattle, WA  98164
6                                    Phone: (206) 689-8500
                                     RHesselgesser@foum.law
7                                    ragny@foum.law
                                     *Attorneys for Plaintiff Capitol Specialty*
8                                    *Insurance Company*

9

10

11

12

13

14

15

16

17

18

19

20

Complaint for Declaratory Judgment – 12
Case No.:  4:24-cv-5052

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
901 FIFTH AVENUE • SUITE 1400
SEATTLE, WASHINGTON  98164
(206) 689-8500 • (206) 689-8501 FAX

4864-2917-2664, v. 1