FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 14, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAPITOL SPECIALTY INSURANCE COMPANY, a Wisconsin corporation,<br><br>                    Plaintiff,<br><br>   v.<br><br>GILLESPIE HOMES, INC., a Washington corporation; CINDY PENTURF and RUSS PENTURF, wife and husband and the marital community comprised thereof,<br><br>                    Defendants. | NO. 4:24-CV-5052-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Summary Judgment (ECF No. 8). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 8) is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This case arises out of a dispute over coverage under an insurance policy issued by Plaintiff to Defendant Gillespie Homes Inc. ("Gillespie"). ECF No. 1. Gillespie Homes sells and installs manufactured homes for KIT Custom Homebuilders in Kennewick, Washington. *Id.* at ¶ 7. Defendants Cindy Penturf and Russ Penturf (the "Penturfs") purchased a manufactured home and contracted with Gillespie to have it installed on the Penturfs' property. *Id.* at ¶ 8. The Penturfs later brought suit against Gillespie and others alleging numerous defects relating to the construction and installation of the home ("Underlying Action"). *Id.* at ¶¶ 9,10. Gillespie had a Commercial General Liability policy (the "Policy") with Plaintiff during the relevant time period. ECF No. 9 at ¶ 14. Plaintiff agreed to provide a Gillespie a defense to the Penturfs' lawsuit under a reservation of rights. *Id.* at ¶ 12.

Plaintiff filed this action for Declaratory Judgment on May 17, 2024, seeking a declaration that under the Policy, it does not have a duty to defend or indemnify Gillespie for the claims made against Gillespie by the Penturfs in the Underlying Action. ECF No. 1.

## DISCUSSION

Plaintiff moved for summary judgment on its claims of declaratory judgment January 27, 2025. ECF No. 8. The Court twice granted an extension on the

motion hearing date.  Defendants' deadline to respond was ultimately set for June 3, 2025, Plaintiff's reply brief was set for June 17, 2025, and the motion hearing date was set for June 24, 2025.  ECF No. 21.  Those deadlines have come and gone, and Defendants have yet to file any response to Plaintiff's motion for summary judgment, nor has any party alerted the Court as to the status of the Underlying Action.

A district court has discretion to determine whether a party's failure to respond to an opposing party's argument should be deemed consent to the entry of an adverse order.  LCivR 7(e);  *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond to an opposing party's argument is deemed consent to the entry of an adverse order."); *Wilcox v. Batiste*, 360 F. Supp. 3d 1112, 1125 (E.D. Wash. 2018) (granting summary judgment on two claims pursuant to LCivR 7(e) due to party's failure to respond).  However, this discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact."  *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir.1993); *see also Brydges,* 18 F.3d at 652.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

Plaintiff seeks declaratory judgment that it does not have a duty to defend or indemnify Gillespie under the Policy provisions for the claims in the Underlying Action. The Court construes Defendants' failure to respond as consent for entry of an adverse order. Additionally, a substantive review of Plaintiff's motion does not reveal any issue of material fact.

**Duty to Defend**

"The duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Truck Ins. Exch. v. VanPort Homes, Inc.,* 147 Wash. 2d 751, 760 (2002) (quoting *Unigard Ins. Co. v. Leven,* 97 Wash. App. 417, 425 (1999)). Whether a duty to defend is triggered is a question of law. *See Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52 (2007) ("Interpretation of an insurance contract is a question of law reviewed de novo.").

Plaintiff contends the Policy does not provide coverage for property damage arising out of Gillespie's work installing the home or damage in the home itself. ECF No. 8 at 2. The Penturfs' underlying complaint alleged defects in the home including

  a. Failure to properly grade the Property to allow surface water to flow away from the foundation;

  b. Failure to properly grade the Property to allow roof runoff to flow away from the foundation, instead allow accumulation adjacent to the foundation;

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

    c. Multiple defects in the foundation, including but not limited to improper recessions, improper joints and supports, and failure to properly seal off certain areas;

    d. Improper installation or failure to install marriage line support piers;

    e. Failure to install required tie-downs;

    f. Installing damaged outriggers;

    g. Improper alignment of structure sections;

    h. Irregular joint width and sealant at finished interior joints;

    i. Improperly installed or missing joint flashing;

    j. Incomplete side installation;

    k. Incomplete roof-to-siding flashing;

    l. Improperly installed composition roofing;

    m. Improperly installed stemwall; and

    n. The undermining of a neighboring retaining wall while grading the Property.

ECF No. 10-1 at 3-4.

The Policy issued to Gillespie was a Commercial General Liability policy providing coverage for bodily injury and property damage. ECF No. 8 at 6-7. The Policy included certain exclusions from coverage such as damage that occurred as a result of Gillespie, or Gillespie's contractors or subcontractors, performing operations on the real property. Additionally, parts of the real property that had to be repaired or replaced due to any such work that was incorrectly performed was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

1  also excluded from coverage.  ECF No. 10-4 at 22-23.  The exclusion also applied

2  to property damage arising out of a defect in the product itself or a delay or failure

3  by Gillespie, or anyone on behalf of Gillespie, to perform a contract or agreement

4  according to its terms.  *Id.* at 23.  Finally, it appears the exclusion also applied to

5  property damage from "subsidence of land", i.e., "earth movement, including but

6  not limited to, mud flow, earthquake, land slide, settling, shrinking, sinking,

7  slipping, falling away, tilting, caving in, shifting, eroding, or rising."  *Id.* at 73.

8      Under these undisputed facts, the Court concludes there was no duty to

9  defend.

10 **<u>Duty to Indemnify</u>**

11     "The duty to indemnify hinges on the insured's actual liability to the

12 claimant and actual coverage under the policy."  *Hayden v. Mut. of Enumclaw Ins.*

13 *Co.*, 141 Wash. 2d 55, 64 (2000).  The duty to indemnify only arises where "the

14 policy *actually covers* the insured's liability."  *American Best Food, Inc. v. Alea*

15 *London, Ltd.*, 168 Wash. 2d 398, 404 (2010) (emphasis in original).  In this case,

16 the parties have not informed the Court of the status of the Underlying Action or

17 whether Gillespie has been found liable for any of the facts alleged in the

18 underlying complaint.  However, because the Court concludes that none of the

19 facts as alleged in the underlying complaint could, if proven true, impose liability

20 on Gillespie within the Policy's coverage, there is no duty to indemnify.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT ~ 6

     For these reasons, the Court grants Plaintiff's request for declaratory judgment that it had no duty to defend or indemnify Gillespie for the Penturfs' claims in the Underlying Action.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 8) is **GRANTED**.

2. A declaratory judgment shall be entered in favor of Plaintiff that states Plaintiff has no duty to defend or indemnify Defendant Gillespie Homes, Inc. in the separate action brought by Cindy Penturf and Russ Penturf against Gillespie Homes, Inc. under the Policy issued by Plaintiff to Defendant Gillespie Homes, Inc.

     The District Court Executive is directed to enter this Order, enter judgment for Plaintiff, furnish copies to counsel, and **close** the file.

     DATED July 14, 2025.



                                     THOMAS O. RICE
                            United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7